UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES E. DAMRON,** *et al.***,**

    **Plaintiffs,**

    v.

**LEN DODRILL,** *et al.***,**

    **Defendants.**

Civil Action 2:17-cv-337
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiffs, James Damron and Ray Heid, prisoners at the Ross Correctional Institution ("RCI"), bring this action against various officials at their prison facility. (ECF No. 1.) This matter is before the Court for the initial screen of Plaintiffs' Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons that follow, the Undersigned **RECOMMENDS** that the case be **DISMISSED**. Plaintiff Damron's Motion to Appoint Counsel is **DENIED**. (ECF No. 3.)

**I.**

In 2009, Plaintiff Damron commenced a civil action in this Court against the then-ODRC Religious Services Director in which, amongst others, he advanced claims under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA") identical to the

1

ones asserted in the instant case. *Damron v. Jackson*, No. 2:09-cv-050, 2011 WL 4402767 (S.D. Ohio Sept. 21, 2011). The Court ultimately entered summary judgment against Plaintiff Damron. (*Id.*) On August 26, 2015, Plaintiff Damron, Plaintiff Heid, and other plaintiffs commenced a civil action in this Court seeking to bring claims for violation of the Fourteenth Amendment, First Amendment. § 1985(3), and RLUIPA. *The Christian Separatist Church Society of Ohio; the Wife of Christ, Prosopopoeia et al. v. the Ohio Department of Rehabilitation and Corrections et al.*, 2:15-cv-2757 (S.D. Ohio) ("*Christian Separatist I*"). On October 1, 2015, the Undersigned performed an initial screen of Plaintiffs' claims and Recommended that the Court dismiss nearly all claims, including claims brought under the Fourteenth Amendment and § 1985(3), and allowed claims brought under the First Amendment and RLUIPA to proceed. (Oct. 1, 2015 Report and Rec., 2:15-cv-2757, ECF No. 4.) The Undersigned further found that Plaintiff Damron's claims were barred by the doctrine of *res judicata*. (*Id.* at 14–16.)

On May 5, 2016, the Court adopted the October 1, 2015 Report and Recommendation, dismissing Plaintiff Damron's claims as barred by the doctrine of *res judicata* and otherwise finding the remaining plaintiffs, including Plaintiff Heid, could proceed under their First Amendment and RLUIPA claims. (May 5, 2016 Order, 2:15-cv-2757 at 7–8, ECF No. 12.) Then on January 30, 2017, the Undersigned recommended that the Court dismiss the remaining plaintiffs' claims under the First Amendment. (January 30, 2017, Report and Rec., 2:15-cv-2757 at 7–9, ECF. No. 33.) The Court adopted that recommendation on March 17, 2017. (Order, ECF No. 42.) Accordingly, Plaintiff Heid is still a party to the ongoing case, in *Christian Separatist I*.

Plaintiffs Damron and Heid filed for leave to file an amended complaint on September 4, 2016. On January 30, 2017, the Court denied leave to file an amended complaint, finding that the proposed amended complaint asserts "no new material facts regarding the events underlying

2

the remaining claims at issue." (January 30, 2017 Report and Rec., 2:15-cv-2757 at 9–10, ECF No. 33.) On March 17, 2017 the Court overruled Plaintiffs' objections, finding that "the newly asserted allegations from the proposed amended complaint would still fail upon a renewed motion to dismiss." (March 17, 2017 Order, 2:15-cv-2757 at 7, ECF No. 42.) Undeterred, Plaintiffs Damron and Heid filed for leave to file a supplemental complaint (ECF No. 40) and filed for leave to file an amended complaint on March 8, 2017. (ECF No. 41.) The Undersigned once again recommended that the Court deny Plaintiffs leave to amend or supplement their Complaint because "Plaintiffs have asserted no new material facts. . . ."

In the instant action, Plaintiffs Damron and Heid seek to bring claims under the First Amendment, Fourteenth Amendment, § 1985(3), and RLUIPA, the same claims already dismissed or currently being litigated in *Christian Separatist I*. (Compl. ECF No. 1-1.)

## II.

Congress enacted 28 U.S.C. § 1915A, as part of the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, enacted in April 1996, in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or--
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

3

28 U.S.C. § 1915A(b).  Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted).  Further,

the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

Plaintiffs have asserted no new material facts that cure any deficiencies in their claims already dismissed by this Court in *Christian Separatist I*. The Undersigned finds that the instant action is nothing more than another attempt to litigate the proposed amended complaints for which the Court has previously denied leave to file in the ongoing litigation of *Christian Separatist I*. The Undersigned therefore finds that the instant Complaint is frivolous and otherwise fails to state a claim for which relief can be granted.

Plaintiff Damron has been barred from the ongoing litigation due to the doctrine of *res judicata* and therefore would be precluded from litigation in the instant action even if the suit was not deemed frivolous. Plaintiff Heid moreover, is a party to the ongoing case, in *Christian Separatist I*. He therefore is entitled to continue litigating the events underlying the remaining claim in that action. The Court can see no value, or legal basis to pursue a separate case to pursue identical claims.

Accordingly, the Undersigned **RECOMMENDS** that Plaintiffs' Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiffs have asserted a frivolous suit and have failed to state a claim for relief on which relief can be granted.

Plaintiff Damron further requests that the Court appoint counsel to represent him. (ECF No. 3.) The United States Court of Appeals for the Sixth Circuit has held that "there is no right to counsel in prisoner civil rights cases . . . [and] [t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633,

635 (6th Cir. 2004). Accordingly, although the Court has the statutory authority to appoint counsel in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to extraordinary situations. Plaintiff's Motion for Appointment of Counsel is therefore **DENIED**.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, P*fahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Additionally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**IT IS SO ORDERED**

Date: July 19, 2017     /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

Case: 2:17-cv-00337-ALM-EPD Doc #: 11 Filed: 07/19/17 Page: 7 of 7  PAGEID #: 123