IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. DAMRON, *et al.*, | : | |
| Plaintiffs, | : | Case No. 2:17-cv-337 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| LEN DODRILL, *et al.*, | : | Magistrate Judge Deavers |
| Defendants. | : | |

**OPINION & ORDER**

Plaintiffs, James E. Damron and Ray Heid, inmates at the Ross Correctional Institution ("RCI") who are proceeding without the assistance of counsel, bring these claims under the First Amendment, Fourteenth Amendment, § 1985(3) and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against Len Dodrill, the Ohio Department of Rehabilitation and Corrections ("ODRC") Unit Manager at RCI and several other prison officials. This matter is before the Court for consideration of the Magistrate Judge's July 19, 2017 **Order and Report and Recommendation** (ECF No. 11), recommending that Plaintiffs' case be DISMISSED on the grounds that the Complaint is frivolous and fails to state a claim upon which relief can be granted. For the reasons stated herein, upon *de novo* review, this Court **OVERRULES** Plaintiffs' Objections, **AFFIRMS** the Magistrate Judge's Report and Recommendation, and hereby **DISMISSES** Plaintiffs' claims.

**I.     BACKGROUND**

**A.     Factual Background**

1

Plaintiffs are members of the Christian Separatist Church and are currently inmates at the Ross Correctional Institution (ECF No. 14). Plaintiffs allege that Defendants prohibited them from engaging in public worship, conducting Bible study, and accessing relevant literature, and prevented them from observing Holy Days. (ECF No. 14). Plaintiff Damron filed suit in a previous action in 2009 against the then-ODRC Religious Services Director Wanza Jackson. Damron brought claims under the Religious Land Use and Institutionalized Persons Act, citing the defendant's alleged failure to provide religious accommodations, including allowing observance of religious Holy Days and Feast Days. *Damron v. Jackson*, No. 2:09-cv-050, 2011 WL 4402767 (S.D. Ohio Sept. 21, 2011). These claims were largely identical to those asserted in the instant case. The Court entered into summary judgment against Plaintiff Damron for all claims that are relevant to the instant case. *Id.*

In 2015, Plaintiff Damron, Plaintiff Heid and other plaintiffs, all members of a group of inmates who adhere to the Christian Separatist Church Society beliefs, advanced claims for violations of the Fourteenth Amendment, First Amendment and RLUIPA. *The Christian Separatist Church Society of Ohio; the Wife of Christ, Prosopopoeia et al. v. the Ohio Department of Rehabilitation and Corrections et al.*, 2:15-cv-2757 (S.D. Ohio) ("*Christian Separatist Church I*"). Ultimately, this Court found that Plaintiff Damron's claims were barred under the doctrine of *res judicata*, but allowed the remaining plaintiffs, including Plaintiff Heid, to proceed with their First Amendment and RLUIPA claims (2:15-cv-2757, ECF No. 12 at 7-8). Additionally, this Court adopted the Magistrate Judge's recommendation that the First Amendment claim be dismissed. *Id.* at 5-7. Plaintiff Heid remains a plaintiff in the ongoing *Christian Separatist I* case and is litigating only the RLUIPA claim. *Id.* at 7-8.

During the initial screening process for *Christian Separatist I*, Plaintiffs filed an Amended Complaint without having properly sought leave from the Court. (2:15-cv-2757, ECF No. 42 at 2). The court struck the first proposed Amended Complaint. *Id.* Plaintiffs Damron and Heid requested leave to file an amended complaint on September 4, 2017. (2:15-cv-2757, ECF No. 42 at 2). The Court affirmed the Magistrate Judge's Report and Recommendation, which found that the second proposed amended complaint did not assert any "new material facts regarding the events underlying the remaining claims at issue." *Id.*; (2:15-cv-2757; ECF No. 33 at 9-10). The Court also found that the new allegations from the second proposed amendment would still fail. (2:15-cv-2757; ECF No. 42 at 7).

### B. Procedural Background

On April 19, 2017, Plaintiffs, inmates at the Ross Correctional Institution ("RCI"), filed this action under 28 U.S.C. §§ 1915(e)(2) and 1915A, naming as defendants various prison officials employed at RCI, including RCI Unit Manager Len Dodrill. Plaintiffs Damron and Heid bring claims under the First Amendment, Fourteenth Amendment, 42 U.S.C. § 1985(3) and RLUIPA, among other statutes and constitutional amendments. (ECF No. 14). The Complaint indicates that Plaintiffs are suing all Defendants in both their respective individual and official capacities. (ECF No. 14 at PageID 2-5).

This Court adopts the Magistrate Judge's facts pertaining to the procedural background in full. On July 19, 2017, the Magistrate Judge issued an R&R recommending the dismissal of all claims in this instant case. The Magistrate Judge recommended that Plaintiffs' claims against Defendants be dismissed as the Complaint is frivolous and fails to state a claim for which relief can be granted. The Magistrate Judge found that since the Plaintiffs did not assert any new material facts that cure any deficiencies in their claims dismissed in *Christian Separatist I*, the

Complaint amounted to another attempt to litigate the amended complaint which the Court previously denied leave to file in the concurrent litigation of *Christian Separatist I*. The Magistrate Judge also pointed out that Plaintiff Damron had been barred from participating in *Christian Separatist I* under the doctrine of *res judicata* and would furthermore be precluded from the instant litigation even if the suit was not considered frivolous. As for Plaintiff Ray Heid, a party to *Christian Separatist I*, the Magistrate Judge saw no legal basis or value in pursuing a separate action for the same claims.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a magistrate judge's report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which the objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the instant case, the Magistrate Judge reviewed Plaintiffs' Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Spencer v. Moore,* 2012 WL 6594969, *1 (S.D. Ohio Dec. 18, 2012). In conducting an initial screen of Plaintiffs' Complaint, the Magistrate Judge recognized that Plaintiffs are proceeding *pro se*. *Pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed. Appx. 520, 521 (6th Cir. Jan.31, 2013) (quoting *Haines v. Kerner,*

404 U.S. 519, 520 (1972)). While *pro se* litigant's allegations are held to a less stringent standard, courts have found that *pro se* litigants must at least meet minimum standards of pleading. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Hosley v. Collins,* 90 F.R.D. 122 (D.Md. 1981)).

### III.  ANALYSIS

Plaintiffs have filed four objections to Magistrate Judge's R&R. Plaintiffs object to the Magistrate Judge's findings that the Complaint is frivolous and fails to state a claim upon which relief can be granted. Additionally, Plaintiffs object to the Magistrate Judge's findings that Plaintiff Damron would be precluded from litigation in the instant action under the doctrine of *res judicata* and there would be no legal value or basis for Plaintiff Heid to participate in the instant action as he is currently a party to an ongoing case which litigates identical claims.

### A. Frivolousness and Failure to State a Claim For Which Relief can be Granted

Plaintiffs object to Magistrate Judge's finding that the instant Complaint is frivolous. In their Objections, Plaintiffs state that the instant Complaint differs from the ongoing litigation in *Christian Separatist I* because: (1) it alleges different facts; (2) it did not present all of the claims; (3) it did not name the same defendants; and (4) the facts relied on here were not allowed to be amended in that pleading.

Under 28 U.S.C. § 1915, "a complaint that merely repeats previously litigated claims may be considered abusive." *May v. Challenger Comm. Sys., Inc.,* 875 F.2d 865 (6th Cir. 1989) (citing *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981)). The relitigation of same claims may be considered malicious under 28 U.S.C. § 1915(e)(2)(B)(I). *See Washington v. Reno*, 59 F.3d 172 (6th Cir. 1995) (citing *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981)) (" [A] complaint is malicious. . . if it is repetitive or evidences an intent to vex defendants

5

or abuse the judicial process by relitigating claims decided in prior cases."). The Court agrees with the Magistrate Judge that this instant action is a mere attempt to litigate the proposed amended complaints, which the Court denied leave to file in *Christian Separatist I*. The claims alleged in the Complaints in the instant action and *Christian Separatist I* are identical, both including claims under the First Amendment, Fourteenth Amendment, and RLUIPA.

Furthermore, courts have previously held that "any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). It follows that as this suit is deemed frivolous, the Complaint fails to state a claim for which relief can be granted. Under 28 U.S.C. 1915(e)(2), a case shall be dismissed if the court finds that the complaint is frivolous or malicious or it fails to state a claim on which relief may be granted. For these reasons, this Court agrees with the Magistrate Judge that Plaintiffs' suit is frivolous and their claims should be dismissed.

### B. Preclusion of Plaintiffs Damron and Heid

Plaintiffs object to Magistrate Judge's ruling that Plaintiff Damron would be precluded from the instant litigation if the suit was not deemed frivolous. The Magistrate Judge found that since Plaintiff Damron has been barred from participating in *Christian Separatist I* under the doctrine of *res judicata*, he would be additionally precluded from litigation in the instant case, regardless of whether the suit is deemed frivolous. (ECF No. 11 at PageID 121). Plaintiff Damron objects to this ruling, stating that the claims in Complaint (ECF No. 14) are based on different actions by a different named defendant after *Christian Separatist I* was filed. (ECF No. 15 at PageID 173). Plaintiffs argue that "the issues are fundamentally distinct from the issues in *Damron v. Jackson* because they did not occur until after the case was litigated." (ECF No. 15 at

PageID 173). However, Plaintiff Damron concedes that some of the claims in this instant action are identical to some of the claims in *Christian Separatist I*. (ECF No. 15 at PageID 172). This Court agrees with the Magistrate Judge that Plaintiff Damron would be precluded from litigation in the instant action under *res judicata*.

Under the doctrine of *res judicata*, otherwise known as claim preclusion, preclusion arises in the presence of four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). The doctrine of *res judicata* was developed to serve two purposes: (1) protecting litigants from the burden of relitigating identical issues with the same party; and (2) promoting judicial economy. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979).

This Court finds that all four elements necessary for *res judicata* are present. In 2009, Plaintiff Damron filed suit in this Court against a director of the ODRC, advancing claims under RLUIPA; those claims are identical to the ones in the instant case. *Damron v. Jackson*, No. 2;09-cv-050, 2011 WL 4402767 (S.D. Ohio Sept. 21, 2011). This Court entered summary judgment for the Religious Services Director at the ODRC, against Plaintiff Damron. *Id.* Plaintiff Damron is now bringing the same claims in the instant action against similar defendants. Thus, elements (1) and (2) are present. In this instant action, Plaintiff Damron seeks to bring claims under the First Amendment, Fourteenth Amendment, § 1985(3), and RLUIPA. (ECF No. 11). Plaintiff Damron was barred from bringing these claims in *Christian Separatist I* because they were duplicative of the claims he litigated previously. This Court concludes that Plaintiff's current claims in the instant action are not materially different from those claims advanced in *Damron v.*

7

*Jackson*, the same claims that incidentally barred Plaintiff Damron from being a party in *Christian Separatist I* under *res judicata.* These claims have already been disposed of finally and on the merits.

Additionally, an action is considered duplicative "if the claims, parties and available relief do not significantly differ between the two actions." *Stewart v. Proctor & Gamble Co.,* 2006 WL 2620441, at *1 (S.D. Ohio 2006) (citing *Serlin v. Arthur Anderson & Co.,* 3 F.3d 221, 223 (7th Cir. 1993)). The facts in the case *sub judice* indicate that the claims and parties involved are similar to the suits previously filed by Plaintiffs Damron and Heid. This Court agrees with the Magistrate Judge that Plaintiffs have not asserted any new material facts and therefore finds that the current claims in the instant action are not materially different from claims in the suits in which Plaintiffs Damron and Heid were parties. Therefore, this Court finds that the Plaintiffs are precluded from this instant action.

The Magistrate Judge found that Plaintiff Heid should not be allowed to continue pursuing this instant action because he is currently litigating the identical RLUIPA claim in *Christian Separatist I.* Courts have held that "a duplicative action is also subject to dismissal for frivolity under § 1915(e)…". *Belser v. Washington*, 2017 WL 5664908, at *2 (6th Cir. 2017) (citing *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997)). In the Report and Recommendation, the Magistrate Judge found that there is no value or legal basis in filing a separate case to pursue identical claims, and this Court agrees. Plaintiffs even admit in their objections that Plaintiff Heid "has attempted to bring these issues before the Court in *Christian Separatist I. . .*" but they were denied leave to file their proposed amended complaint. (ECF No. 15 at PageID 176.) This Court finds that the current claims are not materially different than those asserted in other suits and agrees with the Magistrate Judge that the Plaintiffs have not

asserted any new material facts that would cure any weaknesses in their previous claims. Thus, the Court **OVERRULES** Plaintiffs' objections to and **SUSTAINS** the recommendation of the Magistrate Judge.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and Plaintiffs' claims are **DISMISSED.**

**IT IS SO ORDERED.**

                                           s/ Algenon L. Marbley
                                         **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT JUDGE**

**DATED:  February 26, 2018**