## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RAY SCOTT HEID**, *et al.*,

        **Plaintiff,**

                                            **Case No. 2:17-cv-337**
        **v.**                                  **Chief Judge Algenon L. Marbley**
                                            **Magistrate Judge Elizabeth P. Deavers**

**LEN DODRILL**, *et al.*,

        **Defendants.**

### ORDER AND REPORT AND RECOMMENDATION

      This matter is before the Court for consideration of the Motion by Leave of Court to Take Judicial Notice of Facts (ECF No. 30 at PAGEID ## 1596-1598) and the Motion for Relief from Judgment (ECF No. 30 at PAGEID ## 1599-1626),[1] both of which were filed by Plaintiff Damron, as well as the Motion for Relief from Jud[g]ment (ECF No. 32) and the Motion by Leave of Cou[r]t to Take Judicial Notice of Facts (ECF No. 33), both of which were filed by Plaintiff Heid.[2]  For the reasons discussed below, Plaintiffs' Motions to Take Judicial Notice are **DENIED**, and it is **RECOMMENDED** that the Court **DENY** Plaintiffs' Motions for Relief from Judgment.

---

[1] The Clerk is **DIRECTED** to docket Plaintiff Damron's Motion for Relief from Judgment (ECF No. 30 at PAGEID ## 1599-1626) as a distinct Motion and docket entry.

[2] Despite being filed by each Plaintiff separately, Plaintiff Damron's Motion by Leave of Court to Take Judicial Notice of Facts (ECF No. 30 at PAGEID ## 1596-1598) and Plaintiff Heid's Motion by Leave of Cou[r]t to Take Judicial Notice of Facts (ECF No. 33) (collectively, the "Motions to Take Judicial Notice") are substantively duplicative and will be analyzed together. Likewise, Plaintiff Damron's Motion for Relief from Judgment (ECF No. 30 at PAGEID ## 1599-1626) and Plaintiff Heid's Motion for Relief from Jud[g]ment (ECF No. 32) (collectively, the "Motions for Relief from Judgment") are substantially duplicative and will be analyzed together.

# I.

Plaintiffs filed this case on April 20, 2017.  (ECF No. 1.)  On June 1, 2017, the Court determined that this case was related to two previously filed cases involving Plaintiffs:  *Damron, et al. v. Jackson*, Case No. 2:09-cv-00050 ("*Jackson*"), and *The Christian Separatist Church Society of Ohio, et al. v. The Ohio Department of Rehabilitation and Corrections, et al.*, Case No. 2:15-cv-02757 ("*Christian Separatist*").  (ECF No. 9.)  On July 19, 2017, the Undersigned issued a Report and Recommendation, recommending that this case be dismissed under the doctrine of *res judicata* because the Complaint was frivolous and failed to state a claim upon which relief could be granted, and because Plaintiffs sought to bring claims that were already dismissed or were being litigated in *Christian Separatist*.  (ECF No. 11.)  On February 26, 2018, the Court adopted the Undersigned's Report and Recommendation and dismissed this case. (ECF No. 16 (the "Dismissal Order").)

On March 15, 2018, Plaintiffs appealed the Dismissal Order.  (ECF No. 18.)  On August 17, 2018, however, the United States Court of Appeals for the Sixth Circuit dismissed Plaintiffs' appeal for want of prosecution.  (ECF No. 24.)  On June 15, 2020 and August 6, 2020, Plaintiffs filed petitions for writs of mandamus with the Sixth Circuit, but their petitions were denied on September 16, 2020 and November 16, 2020.  (ECF Nos. 25, 27-29.)  On February 19, 2021, Plaintiff Damron filed his Motion by Leave of Court to Take Judicial Notice of Facts (ECF No. 30 at PAGEID ## 1596-1598) and Motion for Relief from Judgment (ECF No. 30 at PAGEID ## 1599-1626).  Then, on June 17, 2021, Plaintiff Heid filed his Motion for Relief from Judgment (ECF No. 32), and Plaintiff Heid then filed his Motion by Leave of Court to Take Judicial Notice of Facts (ECF No. 33) on June 22, 2021.  These Motions are now ripe for judicial review.

## II.

First, regarding the Motions to Take Judicial Notice, Plaintiffs request the Court take judicial notice that "the allegations of fact made in the complaints of [*Jackson*] and [*Christian Separatist*] . . . do not pertain to the allegations of fact(s) made in the complaint of this action." (ECF No. 30 at PAGEID ## 1596-1597; *see also* ECF No. 33.)  Specifically, Plaintiffs argue that *Jackson* "alleged facts pertaining solely to (1) work Proscription on the Sabbath; (2) observance of various Christian Separatist ("CS") holidays; (3) separate worship for adherents of the Christian Separatist Church ("CSC") apart from nonwhites and homosexuals; (4) cell separation from nonwhites and homosexuals; (5) CS religious literature within Ohio prisons; and (6) the equal availability of CS religious literature in prison chapels and libraries," and that *Christian Separatist* "alleged facts pertaining solely to (1) congregate worship; and (2) official recognition of the CS faith."  (ECF No. 30 at PAGEID ## 1596-1597; ECF No. 33 at PAGEID # 1661.) Plaintiffs argues that these previous cases "do not pertain to the allegations of fact(s) made in the complaint of this action."  (ECF No. 30 at PAGEID # 1597; ECF No. 33 at PAGEID ## 1661-1662.)

Under the Federal Rules of Evidence, a district court may take judicial notice of a fact "that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Advisory Committee notes to Rule 201 state that "[a] high degree of indisputability is an essential prerequisite for a court to take judicial notice of a particular fact*."  Koenig v. USA Hockey, Inc*., No. 2:09-CV-1097, 2010 WL 4783042, at *3 (S.D. Ohio June 14, 2010) (internal citation omitted).

3

Here, none of the "facts" of which Plaintiffs request the Court take judicial notice meet this standard. Rather, Plaintiffs' requests appear to be nothing more than untimely efforts to relitigate the Court's application of *res judicata* in this action, notwithstanding the facts that judgment was entered three and a half years ago and Plaintiffs' subsequent appeal was dismissed for want of prosecution three years ago. The Court already has discussed, at length, the factual allegations set forth in *Jackson* and *Christian Separatist*. The Court concluded that the claims in those cases "are not materially different" from the claims asserted in this case. (*See* ECF Nos. 11, 16.)

Even if the Court had not already reviewed these issues, and even if Plaintiffs' request was timely, Plaintiffs' requests still would warrant denial because the allegations in *Jackson* and *Christian Separatist* are not "facts" of which the Court can take judicial notice. At best, Plaintiffs are asking the Court to adopt their subjective characterizations of the allegations made in other cases, but the Court is only capable of taking notice of facts "not subject to reasonable dispute." *In re Omnicare, Inc. Securities Litigation,* 769 F.3d 455, 467 (6th Cir. 2014) ("Federal Rule of Evidence 201 allows a court to take notice of facts not subject to reasonable dispute."); *Zahuranec v. CIGNA Healthcare, Inc.*, No. 1:19CV2781, 2021 WL 2665754, at *5 (N.D. Ohio June 29, 2021) ("When a court takes judicial notice of matters outside the pleadings, it may only consider the existence of these documents but not the truth of the specific factual allegations contained therein, as such factual allegations are subject to reasonable dispute."); *Berk v. Mohr*, No. 2:10-CV-1082, 2012 WL 3780313, at *10 (S.D. Ohio July 23, 2012), *report and recommendation adopted sub nom. Berk v. Moore*, No. 2:10-CV-1082, 2012 WL 3780303 (S.D. Ohio Aug. 31, 2012) ("Plaintiffs' own interpretation of statutes, other laws and/or the Handbook is not an appropriate subject of judicial notice.") (citing *United States v. Adesida*, 142 F.3d 436

4

(6th Cir. 1998)). The Court cannot, and will not, take judicial notice that *Jackson* and *Christian Separatist* "alleged facts ***pertaining solely***" to any issues, as Plaintiffs request. (*See* ECF No. 30 at PAGEID # 1597; ECF No. 33 at PAGEID ## 1661-1662 (emphasis added).)

For these reasons, Plaintiffs' Motions to Take Judicial Notice, ECF No. 30 at PAGEID ## 1596-1598 and ECF No. 33, are **DENIED**.

### III.

As to Plaintiffs' Motions for Relief from Judgment, Plaintiffs also seek relief from the Court's Dismissal Order. (ECF No. 30 at PAGEID ## 1599-1626; ECF No. 32.) Specifically, Plaintiffs move for relief under Federal Rule of Civil Procedure 60(b)(4), arguing that the Dismissal Order was "void"; under Federal Rule of Civil Procedure 60(b)(6), arguing that the Dismissal Order "is manifestly unjust because the judge was personally biased against the CS faith and that bias caused prejudice to the Plaintiff[s]"; and under Federal Rule of Civil Procedure 60(d)(3), arguing that Chief Judge Marbley and the Undersigned have committed fraud upon the Court. (*Id.*) The Undersigned will address these arguments in turn.

### A.    Rule 60(c).

As a preliminary matter, under Federal Rule of Civil Procedure 60(c), a motion for relief from a final judgment "***must*** be made within a reasonable time." Fed. R. Civ. P. 60(c) (emphasis added). The Sixth Circuit has indicated that this time frame is not unlimited. *See Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (citing *Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 WL 455336, at *2 (6th Cir. 1999) ("[A] motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed.")). Whether a motion under Rule 60(b) has been filed "within a reasonable time" depends on the facts of the case, including the length of the delay, the circumstances of the delay, the prejudice to the opposing party by reason of the

delay, and the circumstances compelling equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (internal citations omitted).

Here, the subject Motions for Relief from Judgment were filed multiple years after the underlying Dismissal Order at issue. Indeed, Plaintiff Damron's Motion, ECF No. 30 at PAGEID ## 1599-1626, was filed on February 19, 2021 – a week shy of three years later – and Plaintiff Heid's Motion, ECF No. 32, was filed on June 17, 2021 – almost three and a half years later. Plaintiffs insist that their delay "is not due to lack of diligence," and argue that they "diligently pursued litigation under the conditions of [their] confinement as it relates to accessibility of legal materials and in light of other ongoing litigation." Nevertheless, the Court finds that Plaintiffs have failed to show that the subject Motions for Relief from Judgment were brought within a reasonable time. (ECF No. 30 at PAGEID ## 1617-1619; ECF No. 32 at PAGEID ## 1649-1651.)

Plaintiffs argue that their delay is due to various factors outside of their control, including that their access to the legal library was limited and that their time "was consumed with legal energies exerted" in other cases they have filed in this Court. (*Id.*) These arguments are not well taken. The fact remains, however, that Plaintiffs had multiple years after the Dismissal Order to request additional time to seek relief, but never did so. Indeed, Plaintiffs' own appeal in this case was dismissed for want of prosecution, which further confirms that Plaintiffs have not been diligent in litigating this action. (ECF No. 24.) Plaintiffs may have chosen to prioritize other litigation over this case, as was their prerogative. But that does not entitle them to relitigate this case more than three years after judgment was entered.

Accordingly, on this procedural basis alone, Plaintiffs' Motions for Relief from Judgment should be denied.

**B.    Rule 60(b)(4).**

Even assuming, *arguendo*, that Plaintiffs' Motions for Relief from Judgment were filed within a reasonable time, the Court concludes that the motions are nevertheless without merit. First, Rule 60(b)(4) permits a District Court to grant relief from a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). The United States Supreme Court has defined a "void" judgment within the meaning of Rule 60(b)(4) as a "nullity," *i.e.*, a judgment "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal citation omitted). Void judgments are exceedingly rare, however. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. "'A judgment is not void . . . simply because it is or may have been erroneous.'" *Id.* at 270 (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60–150 to 60–151 (3d ed.2007)).

Here, the Dismissal Order was not void because "[f]ederal courts have authority to entertain § 1983 actions and to dismiss them" for failure to state a claim upon which relief can be granted. *Manohar v. Massillon Community Hospital*, 208 F.3d 214 (Table), 2000 WL 302776 (6th Cir. 2000) (citation omitted). This Court was, without question, vested with the jurisdiction to entertain – and ultimately, to dismiss – the claims presented by Plaintiffs in this action, even if Plaintiffs disagree with how the Court did so. *Richard v. Mohr*, No. 2:13-CV-1013, 2019 WL 3022025, at *2 (S.D. Ohio July 10, 2019), *report and recommendation adopted*, No. 2:13-CV-1013, 2019 WL 3459413 (S.D. Ohio July 31, 2019). The judgment entered by this Court was therefore not void within the meaning of Rule 60(b)(4).

C.      **Rule 60(b)(6).**

Plaintiffs also invoke Rule 60(b)(6), which authorizes relief for "any other reason that justifies relief" beyond the five other enumerated reasons in Rule 60(b).  Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (internal quotation marks and citation omitted).  "Relief under Rule 60(b) is not appropriate where . . . a party unhappy with the Court's ruling simply reargues her case."  *Bonds v. Barker*, No. 1:18-cv-1149, 2019 WL 168326, at *2 (N.D. Ohio Jan. 11, 2019) (internal citation omitted).  To that end, Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'"  *Johnson v. Merlak*, No. 4:18cv1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019)) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence.  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Here, Plaintiffs argue that the Dismissal Order is "manifestly unjust" because Chief Judge Marbley and Magistrate Judge Deavers are "personally biased against the CS faith and that bias caused prejudice to the Plaintiff."  (ECF No. 30 at PAGEID # 1602; ECF No. 32 at PAGEID # 1635.)  Curiously, Plaintiffs argue that Chief Judge Marbley "has displayed a pattern of pervasive bias," but in the next breath affirmatively concede that "[a]dmittedly that pervasive bias is not readily apparent in this case."  (ECF No. 30 at PAGEID ## 1603-1604; ECF No. 32 at PAGEID # 1636.)  Rather than identifying any alleged bias in this case, Plaintiffs latch on to a comment made by Chief Judge Marbley in *Christian Separatist*, in which Chief Judge Marbley

stated that "issues of white supremacy [] are deeply intertwined with Plaintiffs' 'militant' religion."  *See Christian Separatist*, ECF No. 110 at PAGEID ## 3182-3183.  Plaintiffs argue that this statement "influenced [Chief Judge Marbley] to be predisposed to rule against Plaintiff[s] in this case," and, invoking Chief Judge Marbley's race, state that Chief Judge Marbley therefore believes that "the CS faith's appeal to the Aryan race was a form of white supremacy intent on enslaving black people."  (ECF No. 30 at PAGEID # 1605-1606; ECF No. 32 at PAGEID # 1637, 1639.)

This is not the first time Plaintiffs have made such arguments, and they are again not well taken.  As this Court previously explained to Plaintiff Heid in a separate case:

> Plaintiff Heid asserts that the Court's opinions show that the Court believes the Plaintiffs to be white supremacists and that such a belief would show that the Court is biased against the Plaintiffs. Plaintiff Heid's affidavit defines white supremacy and concludes that the Court saw Christian Separatism's beliefs as a "worldview . . . of white slave masters with violent control or power over other races." (ECF No. 10-1 at 2). But that is Plaintiff Heid's interpretation of "white supremacy" as applied to Christian Separatism, not this Court's. Moreover, Plaintiff Heid misreads the Court's pronouncement. The quoted language does not identify Plaintiffs as white supremacists; rather, the Court observed that Christian Separatism is intertwined with white supremacist ideas.

*Heid v. Mohr*, No. 2:18-CV-311, 2019 WL 1024947, at *3 (S.D. Ohio Mar. 4, 2019).  The same is true here.  In this case, Plaintiffs connect Chief Judge Marbley's comment in *Christian Separatist* to subsequent adverse rulings in other cases (including this one), and they conclude that the only explanation for the adverse rulings is that Chief Judge Marbley is personally biased against Plaintiffs.  The Sixth Circuit has affirmed time and again, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and Plaintiffs have not identified any indicia of bias that could overcome that general rule here.  *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *4 (6th Cir. Mar. 25, 2020) (citing *Liteky v. United States*,

510 U.S. 540, 555 (1994); *Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006)).[3]  Accordingly, in the absence of any evidence of bias, the Court cannot conclude that "exceptional or extraordinary circumstances" exist to grant Plaintiffs relief from the Dismissal Order under Rule 60(b)(6).

**D.**     **Rule 60(d)(3).**

Finally, Plaintiffs argue that Chief Judge Marbley and the Undersigned have "plan[ned] and carefully executed [a] scheme to deprive Plaintiff of the right to litigate [their] claim[s] . . . through a conspiracy agreement."  (ECF No. 30 at PAGEID ## 1622; ECF No. 32 at PAGEID # 1653.)  Plaintiffs submit that "there is evidence of concerted action on the part of [Judge Deavers] and [Chief Judge] Marbley to prevent litigation of claims regarding the CS faith," and they specifically point to the Court's rulings applying the doctrine of *res judicata* to dismiss Plaintiffs' claims in this case as such evidence.  (ECF No. 30 at PAGEID ## 1622-1624; ECF No. 32 at PAGEID ## 1654-1656.)

Relief under Rule 60(d)(3) is limited to "the most egregious conduct involving a corruption of the judicial process itself."  *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870 (West 2011) (collecting cases)).  "A party seeking to show fraud on the court must present clear and convincing evidence of the following elements: 1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment

---

[3] Again, this is an issue Plaintiffs could have, and should have, raised earlier.  As observed by the Sixth Circuit in one of Plaintiff Heid's related appeals, "to the extent [Heid] seeks recusal of the magistrate, district, and appellate court judges, Heid could have raised this issue on appeal or in a petition for panel rehearing, but [] he failed to do so."  (*See* ECF No. 29 at PAGEID # 1594.)

or a concealment when one is under a duty to disclose; and 5) deceives the court." *Daniels v. Jackson*, No. 20-2090, 2021 WL 1923060, at *2 (6th Cir. Mar. 9, 2021) (citing *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009))).

Here, Plaintiffs have presented no objective evidence beyond their mere conjecture that Chief Judge Marbley and the Undersigned have conspired against them.  The only purported evidence Plaintiffs identify is their own belief that their claims in this case were not barred by the doctrine of *res judicata*.  Plaintiffs' speculative and conclusory allegations thus fall well short of the standard for supporting a claim for "fraud on the court" under Rule 60(d)(3).  Plaintiffs have therefore failed to meet their burden under Rule 60(d)(3), and their argument is not well taken.[4]

**IV.**

For these reasons, the Undersigned **DENIES** Plaintiffs' Motions to Take Judicial Notice, ECF No. 30 at PAGEID ## 1596-1598[5] and ECF No. 33, and **RECOMMENDS** that the Court **DENY** Plaintiffs' Motions for Relief from Judgment, ECF No. 30 at PAGEID ## 1599-1626 and ECF No. 32.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

---

[4] The Court also notes that Plaintiffs raised these issues before the Sixth Circuit, but the Sixth Circuit denied Plaintiffs' petitions for writs of mandamus.  (*See* ECF Nos. 25, 27-29.)

[5] Consistent with this Order, the Clerk is **DIRECTED** to terminate ECF No. 30.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: September 13, 2021                    /s/ *Elizabeth A. Preston Deavers*
                                            **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**