UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES E. DAMRON & RAY SCOTT HEID, | : : : |
| Plaintiffs, | : Case No. 2:17-cv-0337 : |
| v. | : Chief Judge Algenon L. Marbley : |
| LEN DODRILL, *et al.*, | : Magistrate Judge Elizabeth P. Deavers : |
| Defendants. | : |

## OPINION & ORDER

This matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (ECF No. 35) and Plaintiffs' Objections thereto (ECF No. 38). The Magistrate Judge recommended that the Court deny Plaintiffs' two Motions for Relief from Judgment (ECF Nos. 32, 34). For the reasons that follow, Plaintiffs' Objections are **OVERRULED**, and the Report and Recommendation is **AFFIRMED**. The Court will address the Objections in turn.

### I. JUDICIAL NOTICE

Plaintiffs first object to the Magistrate Judge's denial of their two Motions to Take Judicial Notice (ECF Nos. 30, 33). In those Motions, Plaintiffs had asked the Court to take judicial notice that their prior cases "alleged facts pertaining solely to" certain enumerated issues. (ECF No. 30 at 1–2; ECF No. 33 at 2). The Magistrate Judge did not issue a "recommendation" as to those nondispositive motions; she ordered their denial, as was her prerogative under Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and the Eastern Division's allocation order. *See In re: Eastern Division United States Magistrate Judges*, Gen. Order No. COL 14-01, at Sec. III (S.D. Ohio Jan. 14, 2014) ("[C]ases filed by prisoners challenging the conditions of their

1

confinement or other governmental action alleged to violate the United States Constitution, and other cases of any nature filed by *pro se* prisoners, are referred to the assigned Magistrate Judge for the conduct of all proceedings that may be conducted in such cases by Magistrate Judges under 28 U.S.C. § 636.").[1] Where objections are made to a Magistrate Judge's nondispositive order, the Court will set aside the order only if it "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). This is a much higher standard than is used on a Report and Recommendation. *Compare id. with* Fed. R. Civ. P. 72(b)(3) ("de novo" review upon proper objection).

Here, Plaintiffs have not persuaded the Court that the Magistrate Judge's order on judicial notice was "clearly erroneous or contrary to law." Plaintiffs' Objections merely reiterate their umbrage at the Court's application of *res judicata*; they never explain how a party's characterizations of its other pleadings is an appropriate topic for judicial notice. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014) ("Federal Rule of Evidence 201 allows a court to take notice of facts *not subject to reasonable dispute*.") (emphasis added). Therefore, Plaintiffs' Objections on this issue (ECF No. 38 ¶¶ 1–6) are **OVERRULED**.

## II. RELIEF FROM JUDGMENT

Plaintiffs' remaining Objections concern the Magistrate Judge's Recommendation that this Court deny their two Motions for Relief from Judgment (ECF Nos. 32, 34) under Federal Rule of Civil Procedure 60(b) and (d). Plaintiffs grounded their Motions specifically in Sections (b)(4) ("the judgment is void"), (b)(6) (the catch-all provision), and (d)(3) ("fraud on the court"); but the Magistrate Judge concluded that none justified relief. Plaintiffs' Objections on these issues entitle them to *de novo* review. *See* Fed. R. Civ. P. 72(b)(3).

---

[1] This allocation order is available at https://www.ohsd.uscourts.gov/sites/ohsd/files//Cols%20Gen%20Ord%2014-01.pdf.

Plaintiffs first object to the Magistrate Judge's finding that their Motions were untimely under Federal Rule of Civil Procedure 60(c). That Rule requires their (b)(4) and (b)(6) claims to be brought "within a reasonable time." Here, Plaintiffs moved for relief over three years after the clerk's entry of judgment (ECF No. 17). When the Sixth Circuit considered a delay of this duration, it determined that the motion was untimely. *See Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) ("[A] motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed between the time the motion was filed and judgment was entered.") (citing *Ohio Cas. Ins. Co. v. Pulliam*, 1999 WL 455336, at *2 (6th Cir. 1999)). Plaintiffs object that their delay was reasonable because they were preoccupied with their other litigation before this Court (ECF No. 38 ¶ 7); but their decision to prioritize other matters does not entitle them to resurrect the long-settled judgment in this one. Plaintiffs' Motions were not timely, and their Objections to the contrary (*Id.* ¶¶ 7–8) are **OVERRULED**.

Though the untimeliness of these Motions is reason enough to deny them, the Magistrate Judge nevertheless considered Plaintiffs' (b)(4) and (b)(6) claims on the merits and deemed them insufficient. Relief under (b)(4) for a "void" judgment is appropriate "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). This is no such case. Plaintiffs were heard on their claims when this Court adopted the Magistrate Judge's prior Report and Recommendation over Plaintiffs' express objection that the claims in this case differed from their prior litigation. The Court held they did not. *See* ECF No. 16 at 6 ("The claims alleged in the Complaints in the instant action and *Christian Separatist I* are identical"); *Id.* at 7–8 ("Plaintiff's current claims in the instant action are not materially different from those claims advanced in *Damron v. Jackson*").

3

Plaintiffs challenge the correctness of that holding; but *even if* it were erroneous, that would not make it a due process violation. *See United Student Aid Funds*, 559 U.S. at 270 ("A judgment is not void . . . simply because it is or may have been erroneous.") (internal quotation marks omitted). Plaintiffs' Objections on this issue (ECF No. 38 ¶¶ 9–12) are **OVERRULED.**

As to the (b)(6) argument, the Magistrate Judge correctly noted that this catch-all provision is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (internal quotation marks omitted). Plaintiffs object on the ground that "[j]udicial bias is clearly an exceptional circumstance to merit relief under Rule 60(b)(6)." (ECF No. 38 ¶ 15). Their claim rests, however, on the very same "conclusory allegations of prejudice" that this Court rejected in another of Plaintiffs' cases. *Heid v. Aderholt*, Case No. 2:20-cv-0901, ECF No. 53 at 3. As explained therein, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Id.* (quoting *Norman v. Granson*, 2020 WL 3240900, at *4 (6th Cir. 2020)). Plaintiffs' argument fails here for the same reason, and their Objections as to bias (ECF No. 38 ¶¶ 13–16) are **OVERRULED.**

Lastly, the Magistrate Judge addressed the (d)(3) claim and found it meritless. As the Magistrate Judge explained, Plaintiffs' conspiratorial claims fall far short of the required showing for fraud on the court. *See Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) ("Fraud on the court refers to the most egregious conduct involving a corruption of the judicial process itself") (internal quotation marks omitted); *Daniels v. Jackson*, 2021 WL 1923060, at *2 (6th Cir. 2021) ("A party seeking to show fraud on the court must present clear and convincing evidence"). The Magistrate Judge correctly rebuffed this claim. As the Court has observed many times, Plaintiffs lack even a scintilla of evidence beyond their general disagreement

4

with this Court's decisions. Accordingly, their Objections as to fraud on the court (ECF No. 38 ¶¶ 17–19) are **OVERRULED**.

### III. CONCLUSION

For the reasons stated, the Magistrate Judge's Report and Recommendation (ECF No. 35) is **AFFIRMED**, and Plaintiffs' Objections (ECF No. 38) are **OVERRULED**. In accordance with the Report and Recommendation, Plaintiffs' Motions for Relief from Judgment (ECF Nos. 32, 34) are **DENIED**. This case remains **CLOSED**.

**IT IS SO ORDERED.**

                                               ALGENON L. MARBLEY
                                               CHIEF UNITED STATES DISTRICT JUDGE

DATED: January 26, 2022